# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **Floatron Systems LLC,**<br><br>  Plaintiff,<br><br>  v.<br><br>**Advanced Micro Devices, Inc.,**<br><br>  Defendant. | Case No. 1:19-cv-1009<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Floatron Systems LLC ("Floatron"), through its attorneys, complains of Advanced Micro Devices, Inc. ("AMD"), and alleges the following:

### PARTIES

1. Plaintiff Floatron Systems LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 717 N. Union St., Wilmington, DE 19805.

2. Defendant Advanced Micro Devices, Inc. is a corporation organized and existing under the laws of Delaware that maintains business offices in Austin, Texas, and principle executive offices in Sunnyvale, California. AMD may be served in texas via its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Floatron has suffered harm in this district.

### PATENT-IN-SUIT

7. Floatron is the assignee of all right, title and interest in United States Patent No. 9,307,014 (the "'014 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Floatron possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '014 Patent

8. The '014 Patent is entitled "Supplemental capacity unit for portable wireless devices," and issued 4/5/2016. The application leading to the '014 Patent was filed on 8/2/2013. A true and correct copy of the '014 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '014 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '014 PATENT

10. Floatron incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '014 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least AMD's Radeon Software Adrenalin (among the "Exemplary AMD Products") that infringe at least exemplary claims 1 of the '014 Patent (the "Exemplary '014 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '014 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '014 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '014 Patent. On information and belief, Defendant has also continued to sell the Exemplary AMD Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '014 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '014 Patent.

15. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '014 Patent, literally or by the doctrine of equivalence, by selling Exemplary AMD Products to their customers for use in end-user products in a manner that infringes one or more claims of the '014 Patent.

16.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '014 Patent, literally or by the doctrine of equivalence, by selling Exemplary AMD Products to their customers for use in end-user products in a manner that infringes one or more claims of the '014 Patent. Moreover, the Exemplary AMD Products are not a staple article of commerce suitable for substantial noninfringing use.

17.     Exhibit 2 includes charts comparing the Exemplary '014 Patent Claims to the Exemplary AMD Products.  As set forth in these charts, the Exemplary AMD Products practice the technology claimed by the '014 Patent.  Accordingly, the Exemplary AMD Products incorporated in these charts satisfy all elements of the Exemplary '014 Patent Claims.

18.     Floatron therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19.     Floatron is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Floatron respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Floatron respectfully requests the following relief:

A.     A judgment that the '014 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '014 Patent;

C.     An accounting of all damages not presented at trial;

D.    A judgment that awards Floatron all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Floatron for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Floatron be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii. that Floatron be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Floatron be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 17, 2019          Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Floatron Systems LLC**